1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## SOUTHERN DISTRICT OF CALIFORNIA

8

GILBERTO G. MUNOZ, an individual,

CASE NO. 10CV1003-MMA (NLS)

9

Plaintiff,

**ORDER DENYING PLAINTIFF'S
REQUEST FOR APPOINTMENT
OF COUNSEL**

10

vs.

11

SOCIAL SECURITY ADMINISTRATION,
MICHAEL J. ASTRUE, Commissioner of
Security, JOSE GARNICA, District
Manager, DWIGHT WILLIAMS, Assistant
District Mgr., Blanca Barbosa, Operations
Supervisor,

[Doc. No. 23]

12
13
14

Defendants.

15
16

On May 11, 2010, Plaintiff Gilberto Munoz filed a complaint alleging *inter alia* that his employer failed to reasonably accommodate his disability and ultimately terminated him because of his disability. (Doc. No. 1.) Plaintiff asserts claims under the Americans with Disabilities Act and California's Fair Employment and Housing Act, as well as claims for Intentional and Negligent Infliction of Emotional Distress. With his complaint, Plaintiff filed a request for appointment of counsel under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1). (Doc. No. 3.) On May 17, 2010, the Court issued an order denying Plaintiff's request for counsel. (Doc. No. 4.) On May 25, 2010, Plaintiff submitted a renewed request for appointment of counsel. (Doc. No. 11.) On June 2, 2010, the Court again denied the request, stating that it was not clear that Plaintiff's claims were meritorious. (Doc. No. 12.) On August 5, 2010, Plaintiff filed a third request for appointment of counsel. (Doc. No. 23.)

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981). However, Title VII of the Civil Rights Act of 1964 provides: "Upon application

by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the prepayment of fees, costs, or security." 42 U.S.C. § 2000e-5(f)(1)(B). "While unquestionably possessing authority to appoint counsel, a district court is certainly not obligated to appoint counsel in every employment discrimination case. Rather, the determination is left to the sound discretion of the district court." *Johnson v. United States Dep't of Treasury*, 939 F.2d 820, 825 (9th Cir. 1991). The Ninth Circuit has set forth three factors that must be assessed in ruling on requests for counsel under Title VII: (1) the plaintiff's financial resources, (2) the efforts made by the plaintiff to secure counsel, and (3) whether the plaintiff's claim has merit. *Bradshaw v. Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

Plaintiff states that new factual circumstances warrant reconsideration of the Court's prior orders denying Plaintiff's requests for appointment of counsel. Specifically, Plaintiff discusses in the attached declaration the difficulties he has encountered in attempting to serve the Defendants named in his Complaint. While the Court understands Plaintiff's frustrations, Plaintiff's application still fails to demonstrate to the Court's satisfaction that his claims are meritorious. The merit of the plaintiff's claims is a critical component of the Court's determination regarding appointment of counsel. As the Court noted in its prior order, this case is still in the pleading stage, and, based on the record before the Court, it is impossible to assess the merits of Plaintiff's case. At this time, there is no record to review, only allegations made by a pro se plaintiff untrained in the law. Under these circumstances, the Court declines to exercise its discretion to appoint counsel under 42 U.S.C. § 2000e-5(f)(1) at this time. Thus, the Court once again **DENIES** Plaintiff's request. While the Court again denies Plaintiff's request, the Court does so without prejudice. However, the Court advises Plaintiff that it will not entertain any further requests to appoint counsel until Defendants have appeared in this action at which time the Court will be able to more properly assess the merits of Plaintiff's claims.

**IT IS SO ORDERED**.

DATED:  August 11, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge