# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO G. MUÑOZ,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SOCIAL SECURITY ADMINISTRATION; MICHAEL J. ASTRUE, Commissioner of SSA; JOSE GARNICA, District Manager; DWIGHT WILLIAMS, Assistant District Manager; BLANCA BARBOSA, Operations Supervisor,<br><br>　　　　　　　　　　Defendants. | CASE NO. 10cv1003-MMA (NLS)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL;**<br><br>[Doc. No. 27]<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and (6)**<br><br>[Doc. No. 25] |

　　　Plaintiff Gilberto G. Muñoz, proceeding *pro se*, filed a Complaint in the above-captioned disability discrimination and tort case. Currently before the Court are Defendants Social Security Administration, Michael J. Astrue, Jose Garnica, Dwight Williams, and Blanca Barbosa's (hereinafter "Defendants") Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction [Doc. Nos. 25-1 & 30]. Defendants also seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted [Id.]. Defendants ask the Court to dismiss all but one Defendant, the

Commissioner of Social Security, in the disability discrimination claims. Defendants also ask the Court to dismiss all tort claims. Plaintiff opposes the motion [Doc. No. 29]. Defendants filed a reply [Doc. No. 30]. Additionally, Plaintiff submitted a request for appointment of counsel [Doc. No. 27]. For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Request for Appointment of Counsel and **GRANTS** Defendants' Motion to Dismiss.

**I. BACKGROUND**

On May 11, 2010, Plaintiff filed a *pro se* complaint alleging Defendants discriminated against him on the basis of his disability and also alleging Defendants intentionally and negligently caused him emotional distress. Plaintiff thereafter filed a series of requests for appointment of counsel, which the Court denied without prejudice. Plaintiff also filed a request seeking default judgments against Defendants, which the Court clerk determined was not warranted. On September 27, 2010, Defendants filed the instant motion to dismiss. On November 19, 2010, the Court found the motion suitable for decision based on the papers submitted without oral argument and took the matter under submission, pursuant to Civil Local Rule 7.1.d.1. The Court also deferred ruling on Plaintiff's Request for Appointment of Counsel until after the parties submitted their respective briefs on Defendants' Motion to Dismiss.

The following factual allegations are taken from Plaintiff's Complaint. On or about April 2008, Plaintiff was employed by the Social Security Administration ("SSA") at the Chula Vista District Office in San Diego, California. Between November 2008 and March 2009, Plaintiff received medical services on or about a weekly basis during regular work hours. In order to attend his medical appointments, Plaintiff met with Defendants Blanca Barbosa and Dwight Williams on different occasions regarding requests for medical leave. On separate occasions, Defendants Blanca Barbosa and Dwight Williams informed Plaintiff that pursuant to SSA policy, state employees who request medical leave must have a medical certificate stating the diagnosis or medical condition of the employee. Plaintiff offered to prove that he was seeking medical attention at Sharp Rees-Stealy medical center, but refused to disclose his diagnosis to Defendants. Thereafter, Plaintiff was denied medical leave several times on different occasions by Defendants Barbosa, Williams, and Garnica. On or about March 30, 2009, Plaintiff was terminated from his

1 position at the SSA.

2     Some time between April and June 2009, Plaintiff filed a formal complaint with the SSA
3 and was assigned Agency Case No. SF-09-0504.  Subsequently, Plaintiff filed a formal complaint
4 with the Equal Employment Opportunity Commission.

5 **II. REQUEST FOR APPOINTMENT OF COUNSEL**

6     A district court must rule on a plaintiff's motion for appointment of counsel before granting
7 a defendant's motion to dismiss the complaint.  *Johnson v. U.S. Dept. of Treasury*, 939 F.2d 820,
8 824 (9th Cir. 1991).  The district court should determine "if counsel would aid [the court's]
9 resolution before disposing the case on its merits."  *Id.* at 825.

10     **A.  Legal Standard**

11     Because there is no constitutional right to appointment of counsel in employment
12 discrimination cases, the Civil Rights Act of 1964 gives district courts the discretion to appoint
13 counsel "in such circumstances as the court may deem just."  42. U.S.C. § 2000e-5(f)(1)(B); *see*
14 *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  In exercising this
15 discretion, the court must assess three factors:  (1) the plaintiff's financial resources, (2) the
16 plaintiff's efforts in securing counsel, and (3) whether the plaintiff's claim has merit.  *Bradshaw v.*
17 *Zoological Soc. of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

18     **B.  Discussion**

19     Plaintiff brings a request for appointment of counsel under the Civil Rights Act of 1964, 42
20 U.S.C. section 2000e-5(f)(1)(B).  For the reasons set forth below, the Court finds appointment of
21 counsel is not warranted.

22     The second factor weighs most heavily against granting Plaintiff's request for appointment
23 of counsel.  While the prerequisite to the appointment of counsel does not require a plaintiff to
24 exhaust the legal directory, a plaintiff is required to conduct a diligent search for an attorney.  *See*
25 *Bradshaw*, 662 F. 2d at 1319.  In *Bradshaw v. Zoological Society of San Diego*, the Ninth Circuit
26 found the plaintiff in the case satisfied the requisite degree of diligence in her efforts to find an
27 attorney because she had contacted over ten attorneys, all of whom denied to represent her.  *Id.*
28 Additionally, upon finding the plaintiff did not act diligently in his efforts in obtaining counsel, the

court in *Gillins v. Marten Transport* noted that there was "no indication in Plaintiff's application that he ever attempted to explore obtaining counsel on a contingency basis." *Gillins* v. *Marten Transport*, 2007 WL 2994757 *2 (S.D. Cal. 2007). Here, without much detail, Plaintiff names only three attorneys he has contacted over the telephone about handling his claim. [Doc. No. 27.] Although Plaintiff claims he contacted two additional attorneys by telephone, Plaintiff cannot provide their contract information. The Court finds that Plaintiff's efforts of contacting a few attorneys by telephone do not equate to a diligent effort in obtaining counsel. The appointment of counsel provision is a "last resort to prospective plaintiffs who cannot otherwise secure representation" and "not a mechanism by which any plaintiff may simply guarantee costs to his preferred choice of counsel." *Gonzales v. Postmaster General of U.S.*, 682 F. Supp. 40, 41 (N.D. Cal. 1988). Plaintiff should continue to search for an attorney and attempt to explore obtaining an attorney on a contingency basis. Accordingly, the Court finds that Plaintiff's efforts in securing counsel heavily weighs against granting the request for appointment of counsel.

With respect to the first factor, Plaintiff's financial situation does not weigh in favor of granting the request for appointment of counsel. As an initial matter, when Plaintiff filed his Complaint, he did not apply to proceed *in forma pauperis*, and paid the filing fee in full. [Doc. No. 1.] Although proceeding *in forma pauperis* is not a prerequisite to satisfying the first factor, *in forma pauperis* status strongly suggests an indigent plaintiff. Further, upon inspection of Plaintiff's financial situation detailed in his requests for appointment of counsel, Plaintiff shows that even though he is unemployed, Plaintiff still receives income from rental property and unemployment benefits. [Doc. Nos. 3, 11, 23, 27.] Accordingly, the Court finds that the current state of Plaintiff's financial resources does not weigh in favor of granting his request for appointment of counsel.

The third factor is the only factor that weighs in favor of the request for appointment of counsel. Plaintiff's Complaint effectively articulated his employment discrimination claim has merit. Although this factor is not to be taken lightly, it is but one of the many factors the Court must assess. Lastly, the Court notes that counsel was not necessary to aid in its resolution of Defendants' Motion to Dismiss. *See, Johnson,* 939 F.2d at 824. Therefore, after considering the

factors above, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for appointment of counsel.

### III. DEFENDANTS' MOTION TO DISMISS COMPLAINT

#### A. Legal Standard

A complaint survives a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court, accepting all factual allegations as true, reviews the contents of the complaint by drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the reviewing court need not accept plaintiff's "legal conclusions" as true. *Aschcroft v. Iqbal*, 556 U.S. - - , 129, S.Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume the plaintiff can prove facts beyond what he or she has alleged. *Associated Gen. Contractors of Cal. Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When a district court's subject matter jurisdiction is attacked by factual allegations under Rule 12(b)(1), the court "need not presume the truthfulness of the [plaintiff's] allegations." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). The district court is not confined by the facts contained in the four corners of the complaint. *See id*. In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit "affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (citations omitted). Moreover, the plaintiff bears the burden of establishing that the court, in fact, possesses subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Where a plaintiff proceeds *pro se*, the Court has a "duty to construe [plaintiff's] pleadings liberally." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). In fact, the Supreme Court has held that a *pro se* complaint, even if it is inartfully pleaded, must be held to a less stringent standard than pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted).

#### B. Discussion

In his Complaint, Plaintiff brings claims against the SSA, employees of the SSA, and the

SSA Commissioner. For reasons set forth below, the Court finds the only proper defendant in a disability discrimination suit asserted by a federal employee is the head of the agency, in this case, the Commissioner of the SSA. Additionally, the Court finds Plaintiff's factual allegations are not sufficient to meet the Rule 12(b)(1) requirements as to any of the alleged tort causes of actions.

### 1. Disability Discrimination Claims

Plaintiff alleges two disability discrimination claims under the American Disabilities Act and the Fair Employment and Housing Act. However, any disability discrimination claim against a federal agency must be brought under the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794. *Golez v. Potter*, 2010 WL 2735755, *1 (S.D. Cal. 2010). Because Plaintiff is proceeding *pro se* and Defendant's motion addressed Plaintiff's claims under the Rehabilitation Act, the Court will construe Plaintiff's Complaint liberally and examine the causes of action under the Rehabilitation Act.

The Rehabilitation Act provides the exclusive remedy for a federal employee who brings claims asserting disability discrimination. *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). Under the Rehabilitation Act, the "head of the department, agency, or unit" is the only proper defendant. 29 U.S.C. §§ 791, 794a(a)(1), 42 U.S.C. § 2006e-16(c); *see also Golez,* 2010 WL 2735755, at *2.

Plaintiff alleges disability claims against the SSA, Commissioner of the SSA, and three employees of the SSA. However, according to the Rehabilitation Act, the only proper defendant in this action is the head of the agency, Michael J. Astrue, Commissioner of the SSA. Accordingly, the Court finds that the disability discrimination claims against all defendants other than Michael J. Astrue are dismissed.

### 2. Tort Claims

#### i. Proper Defendant

The Federal Tort Claims Act ("FTCA") is the "exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). Even though tort claims can arise from the acts or omissions of United

States agencies, "an agency itself cannot be sued under the FTCA." *Id.* In addition, absent a waiver of sovereign immunity, suits against individual officers or employees of the United States in their official capacities must be dismissed as well. *See Sierra Club v. Whitman*, 268 F.3d 898, 901 (9th Cir. 2001). The FTCA provides for tort claims procedure with regard to suits arising from acts or omissions of government employees, stating that "upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1).

The Court finds that Plaintiff's tort claims should be alleged against the United States, not the currently named Defendants. Although the tort claims in dispute arose from the actions or omissions of SSA employees, the SSA employees were subsequently certified to be acting within the scope of their employment as employees of the SSA with regard to the incident out of which the claim arose. *See Certification of Scope of Employment of Jose Garnica, Dwight Williams and Blanca Barbosa*, Doc. No. 25-3. Therefore, pursuant to the FTCA, the United States is substituted as the party defendant in the tort claims, and all tort claims against Defendants are dismissed.

### ii. Exhaustion of Administrative Remedies

Even if Plaintiff amends his Complaint to reflect the United States as the defendant, Plaintiff still must demonstrate to the Court he has exhausted his administrative remedies. To meet the exhaustion requirement, a claimant must have "presented" the claim in a timely manner to the "appropriate Federal agency." 28 U.S.C. § 2675(a). A claim is "deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident." 28 C.F.R. § 14.2(a); *Estes v. U.S.*, 302 Fed. Appx. 563, 565 (9th Cir. 2008). This administrative exhaustion requirement cannot be waived, and the failure to file a valid administrative claim against the appropriate federal agency leaves the district court without subject-matter jurisdiction to hear that party's claim. *See Caldwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995); *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992).

Plaintiff has not demonstrated he has satisfied the administrative exhaustion requirement with regard to his tort claims. Although Plaintiff indicates he filed an administrative claim with

the SSA (Case No. SF-09-0504), it is unclear whether this administrative filing is in pursuit of his disability discrimination claims or his tort claims under the FTCA. Additionally, Plaintiff's failure to exhaust his administrative remedies is evidenced by Division Director SSA Mark S. Ledford's Declaration, which states that based upon a records search, Plaintiff has not filed an administrative tort claim against SSA. *Decl. of Mark S. Ledford in Support of Fed. Def.'s Mot'n to Dismiss*, Doc. No. 25-2. Plaintiff failed to show he has exhausted his administrative tort remedies, which is mandatory under 28 U.S.C. section 2675(a). Without such showing, the Court lacks subject-matter jurisdiction over the tort claims. Therefore, Plaintiff's tort claims against Defendants are dismissed.

Nevertheless, the facts as currently alleged do not suggest leave to amend would be futile. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009). To adequately satisfy the administrative exhaustion requirements for claims under the Rehabilitation Act and the FTCA, a plaintiff must present two separate claims with the SSA: one claim for disability discrimination, and one claim for tort injuries. *See* 28 U.S.C. § 2675(a); 29 U.S.C. § 794a(1). Here, Plaintiff has shown he adequately exhausted the administrative requirements with regard to his disability discrimination claims. However, Plaintiff has not shown that he exhausted his administrative requirements with regard to his tort claims. Therefore, if Plaintiff chooses to reassert his tort claims under the FTCA in an amended complaint, Plaintiff must demonstrate that he has exhausted his administrative remedies under 28 U.S.C. section 2675(a) and 28 C.F.R. section 14.2(a). Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

///

## IV. CONCLUSION

Based on the foregoing reasons, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Request for Appointment of Counsel [Doc. No. 27] is **DENIED WITHOUT PREJUDICE.**

2. Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6) [Doc. No. 25] is **GRANTED**, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.** If Plaintiff chooses to file an amended complaint, the amended complaint shall be free of the deficiencies noted herein, and shall be filed on or before *April 13, 2011*.

**IT IS SO ORDERED.**

DATED: March 23, 2011

Hon. Michael M. Anello
United States District Judge