UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO G. MUÑOZ,<br><br>                    Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Defendant. | CASE NO. 10cv1003-MMA (NLS)<br><br>**ORDER DENYING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Doc. No. 38] |

      Plaintiff Gilberto G. Muñoz, proceeding *pro se*, filed an Amended Complaint in the above-captioned disability discrimination case. Currently before the Court is Defendant United States of America's Motion to Dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted [Doc. Nos. 38 & 40]. Defendant moves to dismiss Plaintiff's Amended Complaint based on the business necessity defense, and because Plaintiff failed to name the proper defendant. Plaintiff filed an opposition to the motion, to which Defendant replied [Doc. Nos. 39 & 40]. For the following reasons, the Court **DENIES** Defendant's motion.

**PROCEDURAL BACKGROUND**

      This matter arises out of events surrounding Plaintiff Gilberto G. Muñoz's termination from employment with the Social Security Administration ("SSA"). Plaintiff, proceeding *pro se*, filed his original Complaint on May 11, 2010, alleging various violations of the Federal Tort Claims Act, the Americans with Disabilities Act ("ADA"), and the Fair Employment and Housing

Act. On March 23, 2011, the Court dismissed Plaintiff's original Complaint because he failed to demonstrate he satisfied the administrative exhaustion requirement with regard to his tort claims and because he failed to name the proper defendant with regard to his disability discrimination claims [Doc. No. 32]. Plaintiff was granted leave to file an Amended Complaint to cure these deficiencies. [*Id.*] On May 19, 2011, Plaintiff filed his First Amended Complaint ("FAC"), in which he eliminates his tort claim and re-alleges his disability discrimination claims under the Rehabilitation Act [Doc. No. 37]. On June 6, 2011, Defendant filed the instant motion to dismiss [Doc. No. 38]. On July 19, 2011, the Court found the motion suitable for decision based on the papers and took the matter under submission, pursuant to Civil Local Rule 7.1.d.1 [Doc. No. 41].

### DISCUSSION

1. Legal Standard

A complaint survives a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court, accepting all factual allegations as true, reviews the contents of the complaint by drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. - -, 129, S.Ct. 1937, 1949 (2009). Additionally, "[b]ecause [Plaintiff] raised his claims pro se, we construe them liberally." *Agyeman v. INS*, 296 F.3d 871, 878 (9th Cir. 2002).

When ruling on a motion to dismiss, the district court can examine material properly submitted as part of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2007). In addition, the district court can examine material that is "incorporated into the complaint by reference[] and matters of which a court may take judicial notice." *Tellabs, Inc. v Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

2. Analysis

Defendant argues that Plaintiff fails to sufficiently state a disability discrimination claim and fails to name the proper defendant. Defendant also asserts that any employment action adverse to Plaintiff was justified under the business necessity defense. For the reasons set forth

1 below, the Court construes Plaintiff's FAC as naming the proper defendant. The Court also finds
2 Plaintiff sufficiently states a claim against his former employer, the SSA.[1]

3     *a)  Proper Defendant*

4   As a preliminary matter, Defendant argues Plaintiff's FAC should be dismissed because
5 Plaintiff names the "United States of America" as the defendant when Michael J. Astrue, the
6 commissioner of the SSA, is the proper defendant in an action brought pursuant to the
7 Rehabilitation Act. Under the Rehabilitation Act, the "head of the department, agency, or unit" is
8 the only proper defendant. 29 U.S.C. §§ 791, 794(a)(1), 42 U.S.C. § 2006e-16(c); *see also Golez*
9 *v. Potter*, 2010 WL 2735755, *2 (S.D. Cal. 2010). However, the case "caption of an action is only
10 the handle to identify it and ordinarily the determination of whether or not a defendant is properly
11 in the case hinges upon the allegations in the body of the complaint and not upon his inclusion in
12 the caption." *Hoffman v. Halden*, 268 F.2d 280, 303–04 (9th Cir. 1959), *overruled on other*
13 *grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962).

14   When a plaintiff is proceeding *pro se*, the Court must construe the pleadings liberally and
15 afford the plaintiff any benefit of the doubt. *Karim-Panahi v. L.A.P.D.*, 839 F.2d 621, 623 (9th
16 Cir. 1988). In determining whether a plaintiff complied with procedural portions of a
17 discrimination cause of action, the courts are guided by the principle that "[t]he Equal
18 Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims
19 of discrimination." *Rice v. Hamilton Air Force Base Commisary*, 720 F.2d 1082, 1084 (9th Cir.
20 1983) (quoting *Mahroom v. Hook*, 563 F.2d 1369, 1375 (9th Cir. 1977)). This principle is
21 "particularly appropriate where the complainant . . . is a laymen proceeding *pro se.*" *Id.*
22 Nonetheless, if the government can show that a liberal reading of plaintiff's complaint might result
23 in prejudice, then the liberal reading might be inappropriate. *Hollcroft v. IRS*, 687 F.Supp. 510,

---

[1] Plaintiff, and at times Defendant, refer to the ADA when discussing the disability discrimination allegations. As the Court discussed in its previous order, the Order Granting Defendants' Motion to Dismiss Plaintiff's [Original] Complaint [Doc. No. 32], and also as discussed in Defendant's previous motion, the Motion to Dismiss Plaintiff's [Original] Complaint [Doc. No. 25-1], the Rehabilitation Act provides the exclusive remedy for a federal employee who brings claims asserting disability discrimination. *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds by Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990). The FAC correctly alleges that the ADA is "applicable to the Defendant through the Rehabilitation Act of 1973" [FAC, ¶ 7]. The Court examines the sufficiency of Plaintiff's claims under the Rehabilitation Act.

1  514 (E.D. Cal. 1988).

2  Applicable Ninth Circuit precedent suggests that Plaintiff's failure to name the proper
3  defendant does not constitute sufficient grounds for dismissal of his FAC.  For example, the
4  plaintiff in *Hoffman* filed an amended complaint with a caption that contained only two of the four
5  defendants that appeared in the original complaint.  *Hoffman*, 268 F.2d at 303.  The Ninth Circuit
6  overlooked the discrepancy between the plaintiff's original and amended complaint and performed
7  its analysis under the assumption that all four defendants were named in the caption because all
8  four defendants were identified in the amended complaint.  *See id.* at 303–04.  In the *Rice* action,
9  the plaintiff improperly named Hamilton AFB Commissary, instead of the Secretary of the Navy,
10 as the defendant.  *Rice*, 720 F.2d at 1083.  The Ninth Circuit held that even though the caption
11 named the wrong defendant, the plaintiff nonetheless sufficiently identified the proper defendant
12 because he attached the administrative disposition of the discrimination complaint to his timely
13 filing, which made clear that the Secretary of the Navy was being sued for employment
14 discrimination.  *See id.* at 1085.  When considering whether a liberal reading would prejudice the
15 government, the court in *Hollcroft* found no prejudice when the plaintiff's mistake in pleading was
16 minimal and unlikely to affect the proceedings of the case.  *See Hollcroft*, 687 F.Supp. at 514.

17 Here, even though the caption in Plaintiff's FAC names "United States of America," it is
18 clear that Plaintiff is suing Michael J. Astrue for disability discrimination.  Although Plaintiff
19 improperly named four defendants in his original Complaint, the original complaint did properly
20 name Michael J. Astrue as a defendant, and the proof of service that listed the named defendants,
21 including Michael J. Astrue, was attached to Plaintiff's Opposition to Defendant's Motion to
22 Dismiss [the Original] Complaint [Doc. Nos. 1 & 29].  This minor discrepancy between the two
23 complaints should be overlooked, especially because of the material attached to the FAC.  In his
24 FAC, Plaintiff attached various documents issued by the EEOC that properly and clearly indicate
25 Plaintiff is pursuing his claims against Michael J. Astrue [FAC, Exh. 1, pg.3 , Exh. 2, pgs. 6, 11 &
26 41].  The attached materials naming Michael J. Astrue, coupled with a timely filing, which
27 Defendant has not disputed, makes the *Rice* decision controlling here.  Furthermore, it is unlikely
28 that a liberal reading will prejudice Defendant, as it should have been clear to Defendant from

1  Plaintiff's original Complaint and the documents attached to his FAC that Michael J. Astrue is the
2  defendant in this case.  The caption change will have minimal effects, if any, to the proceedings of
3  this case particularly when throughout the FAC, Plaintiff's allegations refer only to "defendant,"
4  and do not further specify the identity of the defendant.  Therefore, instead of dismissing
5  Plaintiff's FAC with leave to amend to remedy the caption, the Court construes Plaintiff's
6  complaint as naming Michael J. Astrue as the defendant, and shall order the Clerk of Court to
7  modify the docket of the case accordingly.

        *b)*     *Plaintiff Sufficiently Pleads His Claims*

9  "To state a prima facie case of disability discrimination under the Rehabilitation Act, the
10  plaintiff must demonstrate that (1) he is a person with a disability; (2) who is otherwise qualified
11  for employment; and (3) suffered discrimination because of his disability." *Scott*, 717 F.Supp.2d
12  at 1086 (citing *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007)).  Here, Plaintiff
13  alleges he was subjected to disability-related questions regarding his medical condition when
14  Defendant had no business necessity, such as the ability to perform his job, that justified the
15  inquiries [FAC ¶ 9].  He also alleges Defendant discharged him from his position because he
16  refused to disclose the nature of his medical illness [FAC ¶ 15].  Therefore, Plaintiff has alleged
17  sufficient facts to state a claim, and his FAC is not subject to dismissal on this basis.

        *c)*     *Business Necessity Defense*

19  Defendant agues the Court should dismiss Plaintiff's FAC in its entirety and without leave
20  to amend because the business necessity defense applies.  This affirmative defense allows
21  employers to inquire "as to whether [an] employee is an individual with a disability or as to the
22  nature or severity of the disability" if such an inquiry is "shown to be job-related and consistent
23  with business necessity."  42 U.S.C. § 12112(d)(4)(A).  However, a survey of case law shows this
24  defense is not generally asserted at the motion to dismiss stage because it requires the employer to
25  have "shown" there was a business necessity, an evidence-based argument that is typically made
26  later in the case, such as in a motion for summary judgment or a motion for judgment on partial
27  findings.  *See, e.g.*, *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 983 (9th Cir. 2007); *Yin v.*
28  *State of Cal.*, 95 F.3d 864, 867 (9th Cir. 1996); *Scott v. Napolitano*, 717 F.Supp.2d 1071, 1081–83

(S.D. Cal. 2010). "Application of the business necessity defense is fact-intensive and requires close analysis by the district court." *Bates*, 511 F.3d at 997 n.14.

Defendant cites the reasoning and holding in the *Yin* case for support. Procedurally, however, *Yin* was an appeal from a ruling by the district court on a summary judgment motion. In *Yin*, the Ninth Circuit held that an employer requiring its employee, who had missed almost thirty days of work in a row, to submit to an independent medical examination was covered by the business necessity exception under section 12112(d)(4)(A). *Yin*, 95 F.3d at 867–69. In determining whether the business necessity defense applied, the court looked to the record to determine if the employer had good cause for trying to determine if the employee was able to perform her job. *Id.* at 868. The record before the court was from the lower court's summary judgment proceedings, which included evidence that showed the employee's excessive absenteeism, poor job performance, low productivity, and the employer's state of mind when it decided to ask the employee to submit to a medical examination. *See id.* at 867–68.

Here, the Court has before it only an Amended Complaint and papers supporting and opposing Defendant's Motion to Dismiss.[2] The FAC itself does not establish on its face that Plaintiff's claim fails because of business necessity, and the Court cannot make a determination as to whether the defense applies without a sufficient record, such as the one before the *Yin* court. Furthermore, Plaintiff is entitled to rebut the affirmative defense, but cannot do so in any meaningful way without discovery, which has not yet commenced.

///
///
///
///

---

[2] Defendant cites language from the EEOC Enforcement Guidance ("Guidance") in support of this argument. Plaintiff cites to it as well in his Opposition. Yet, the Guidance was not mentioned in or attached to Plaintiff's FAC. The Court may take judicial notice of facts outside the pleadings without converting the motion to one for summary judgment. *See Sears, Roebuck & Co., v. Metro. Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956). Although Defendant filed a Notice of Lodgment for the Guidance [Doc. No. 38-3], Defendant failed to request the Court take judicial notice of the document. And, while the Court has the option to convert a motion to dismiss into a motion for summary judgment, Defendant has not requested the Court do so. Moreover, as noted above, Plaintiff has sufficiently stated a claim and the case should proceed to discovery.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to dismiss. The Clerk of Court is hereby instructed to modify the docket to reflect "Michael J. Astrue, Commissioner of Social Security" as defendant in place of the United States of America.

**IT IS SO ORDERED.**

DATED: October 24, 2011

Hon. Michael M. Anello
United States District Judge