UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GILBERTO G. MUNOZ,<br><br>   Plaintiff,<br>v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br>MICHAEL J. ASTRUE,<br><br>   Defendants. | Civil No. 10cv1003 MMA (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S EX PARTE APPLICATION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[Doc. No. 52]** |

Defendant Michael Astrue, Commissioner of the Social Security Administration (Defendant) filed this ex parte application asking the court to determine a discovery dispute. While the parties met and conferred and initially attempted to draft this as a joint motion, pro se Plaintiff Gilberto Munoz ultimately fell out of contact with Defendant's counsel. Defendant then filed this application ex parte application. The court ordered Munoz to file an opposition, and took the matter under submission.

**Relevant Background.**

In the First Amended Complaint (FAC), Plaintiff alleges that Defendant asked him to disclose the nature of his medical illness in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §12112. FAC ¶¶ 7, 9. He says Defendant engaged in this practice even though such an inquiry was not justified by business necessity, as required by the ADA. FAC ¶ 9. In requesting medical leave from work, Plaintiff had produced "doctor notes" from Sharp Medical Centers indicating that he had medical appointments but that did not contain any medical information, such as diagnoses. *Id.* In November 2008, Plaintiff called in sick to work due to an illness and began to receive frequent medical attention.

FAC ¶ 10. Defendant told Plaintiff that its policy required the doctor's note to state the nature of his medical illness that required him to be gone from work, or the absence would be deemed unexcused. *Id.*

Plaintiff continued to receive medical care and provide doctor notes that verified the need for an absence but that did not state the nature of the illness. FAC ¶ 11. Defendant then told Plaintiff that the doctor's notes were unacceptable because they did not state the nature of the illness, in violation of the SSA's policy. FAC ¶ 12. Plaintiff objected to this policy. FAC ¶¶ 13-14. Defendant then terminated Plaintiff, who alleges that such termination was in retaliation for his objecting to the policy on medical notes. FAC ¶ 15. Plaintiff seeks injunctive relief and damages for past and future economic losses and pain and suffering. FAC, p.5.

In this motion to compel, Defendant asks for further responses to interrogatories and requests for production that relate to these categories: (a) Plaintiff's medical status or "alleged impairment;" (b) discrimination claim on the basis of a disability; (c) current employment and duties; (d) efforts to mitigate damages; (e) expenses incurred by Plaintiff in relation to this action; and (f) claims for monetary compensation.

**Discussion.**

Rule 26 provides the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). "Relevance for purposes of discovery is defined very broadly." *Garneau v. City of Seattle*, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009). Those opposing discovery are "required to carry a heavy burden of showing" why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F. 2d 418, 429 (9th Cir. 1975); *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567, *1 (S.D. Cal. Apr. 06, 2007).

///

1.   **(a) Medical Information (ROGs 1, 12 and RFP 12); (b) Discrimination Claim (ROGs 1, 6-10, 24 and RFPs 16-17); and (c) Duties and Functions of Current Position (ROGs 17-18).**

Defendant argues that knowledge of Plaintiff's medical condition is relevant because Plaintiff placed his alleged impairment at issue by bringing a discrimination claim based upon a disability. Defendant says that to make such a claim, Plaintiff must show he has a disability under the ADA, and Defendant must know about Plaintiff's medical condition so that it can verify whether he is impaired under the ADA. In contrast, Plaintiff argues this case is not about his medical condition but about Defendant's subjection of Plaintiff to unlawful employment practices by requiring the disclosure of confidential medical information. He points out that under the ADA, an employer shall not ask an employee whether that employee has a disability, or inquire as to the nature and extent of a disability, unless such inquiry is job-related or required by business necessity. 42 U.S.C. § 12112(d)(4)(A). Plaintiff argues that this language applies to all employees, not just to those with disabilities.

In the Ninth Circuit, a requirement that an employee give his or her employer a general diagnosis to justify a request for sick leave is impermissible because it may tend to reveal a disability. *EEOC v. Dillard's*, 2012 U.S. Dist. LEXIS 16945, *14-*15, 25 Am. Disabilities Cas. (BNA) 1610 (S.D. Cal. 2012) (citing *Indergard v. Georgia-Pacific Corp.*, 582 F.3d 1049, 1056 (9th Cir. 2009)). In this district, an attendance policy, that on its face, allows supervisors to ask about the nature of a medical absence and the condition being treated, is prohibited because it could result in an "impermissible disability-related inquir[y]." *Dillard's*, 2012 U.S. Dist. LEXIS at *15. These questions are prohibited under ADA §12112 because they could "elicit information regarding an actual or perceived disability." *Id.* Here, the crux of the FAC is whether Defendant unlawfully inquired into the nature of Plaintiff's medical illness. The court finds that Plaintiff's actual medical information is not relevant to the claims or defenses in this case, as the nature of the illness is irrelevant to whether asking about it was unlawful. If such questioning is prohibited in the work setting, there is no support for its disclosure in litigation regarding the propriety of that questioning.

Further, while such questioning may be allowed if the inquiry is job-related or required by business necessity, the employer had the burden to prove such circumstances. *Fredenburg v. Contra Costa County*, 172 F.3d 1176, 1182-83 (9th Cir. 1999). Evidence of that defense includes "evidence

that showed the employee's excessive absenteeism, poor job performance, low productivity, and the employer's state of mind when it decided to ask the employee to submit to a medical examination." Ord. Denying Mot. Dismiss FAC, p. 6 (citing *Yin v. State of Cal.*, 95 F.3d 864, 867-868 (9th Cir. 1996)). Defendant has not met its burden to show that Plaintiff's medical information is needed due to job related or business necessity reasons.  Further, that burden will not be met by addressing the nature of Plaintiff's medical issues.

Regarding the duties and functions of Plaintiff's current position, Defendant argues that how he performs his current job on a daily basis is relevant to Plaintiff's abilities to perform while he worked for Defendant.  But Plaintiff's ability to perform his current duties and whether he does so with any accommodations are not relevant to whether Defendant unlawfully inquired into the nature of Plaintiff's illness.

The court **DENIES without prejudice** the motion to compel further responses to these discovery requests.

**2.     Plaintiff's (d) Mitigation Efforts (ROG 21 and RFP 3) and (e) Expenses Incurred (RFPs 2, 7).**

Defendant seeks information on Plaintiff's efforts to mitigate damages in this action, including efforts to secure employment following his termination.  Plaintiff does not oppose this request.  Based on Plaintiff's claim for past and future damages, the court finds this information relevant and **GRANTS** the motion to compel further responses to these requests.

Defendant also seeks additional documents regarding Plaintiff's claims for expenses.  So far, Plaintiff provided receipts for his civil filing fee and process servers, a copy of the federal GS scale and his W2 for 2011.  Plaintiff does not oppose the request and told Defendant that he would provide a copy of the pay scale for his current position and documentation showing he is under the care of a psychiatrist.  The court finds that these documents are relevant to Plaintiff's claims for past and future pecuniary and non-pecuniary losses.  The court **GRANTS** Defendant's requests, and orders Plaintiff to either provide the requested documents, or state that he does not have any further documents to support his claim for these damages.

/ / /

**3.    (f) Overly Broad Responses (RFPs 1, 4, 6, 14-15, 18-21).**

Defendant argues that Plaintiff's responses to these requests for production fail to describe the documents with sufficient specificity.  In his responses Plaintiff either referred Defendant to a range of over 300 pages or to a CD provided to Plaintiff that has over 700 pages on it.  Plaintiff says that the CD provided to him with over 700 pages contains many repetitive documents, and that it creates an undue burden for him to review all those pages to identify the responsive documents.  He asks the court to order Defendant to provide a new CD to Plaintiff that omits all the repetitive documents.

The court is not persuaded that reviewing 700 pages to answer several requests for production is an undue burden.  Plaintiff brought this suit, and many of the documents at issue relate to his own communications, such that he is in a better position than Defendant to identify the responsive documents.  The court **GRANTS** Defendant's request to supplement these responses with further specificity, and orders Plaintiff to amend his responses and specifically identify the documents responsive to these requests for production.

**Conclusion.**

For the reasons stated above, the court **GRANTS in part** and **DENIES in part** Defendant's ex parte motion for determination of a discovery dispute.  Plaintiff must supplement any responses identified here no later than **May 11, 2012**.

**IT IS SO ORDERED.**

DATED:  April 26, 2012

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court