1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| GILBERTO G. MUNOZ, an individual,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                                    Defendant. | CASE NO. 10CV1003-MMA (NLS)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 102] |

16  On March 18, 2013, Plaintiff Gilberto Munoz ("Plaintiff") filed a motion
17  seeking the appointment of counsel. [Doc. No. 102.]  Plaintiff has requested court-
18  appointed counsel on three previous occasions.  [Doc. Nos. 3, 11, 23.]  A jury trial to
19  decide the amount of damages, if any, Plaintiff should be awarded for impermissible
20  medical inquiries made by Defendant is scheduled to begin on April 30, 2013.  For
21  the following reasons, the Court **DENIES** Plaintiff's motion.

22  The Constitution provides no right to appointment of counsel in a civil case.
23  *See Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981).  However, a district
24  court may appoint counsel "[u]pon application by the complainant and in such
25  circumstances as the court may deem just . . . ."  42 U.S.C. § 2000e-(5)(f)(1)(B).
26  "Three factors are relevant to a trial court's determination of whether to appoint
27  counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to
28  secure counsel on his or her own; and (3) the merit of the plaintiff's claim."

1  *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

2  Regarding the first factor, Plaintiff has not shown that he lacks the financial

3  resources to hire an attorney.  His motion indicates that he is employed by the

4  County of San Diego and earns approximately $1,800 per month.  He further states

5  that he is unable to find an attorney willing to represent him on terms he can afford.

6  However, Plaintiff fails to detail the financial arrangements offered to him, so the

7  Court cannot effectively analyze whether he can afford an attorney.

8  Regarding the second factor, Plaintiff has not shown that he made sufficient

9  efforts to secure counsel.  A party seeking appointment of counsel need not "exhaust

10  the legal directory," but is required to show that he made a "reasonably diligent

11  effort under the circumstances to obtain counsel."  *Bradshaw*, 662 F.2d at 1319.

12  Plaintiff states he has contacted three attorneys, but "due to the short amount of time

13  [between now and trial], [they] are either unwilling to take the case, set too many

14  conditions, and ask for too much up front.  They also spend too much time just

15  criticizing how Plaintiff has handled his case."  [Mot. at 4.]  It is clear from

16  Plaintiff's motion that he cannot obtain representation due in part to his own

17  tardiness.  Trial of this matter is scheduled to begin on April 30, 2013, but Plaintiff

18  failed to contact potential counsel until March 5, March 7, and March 13,

19  respectively. Furthermore, Plaintiff was aware that the case would reach trial as

20  early as November 26, 2012, when the Court granted partial summary judgment in

21  his favor.  He could have sought representation then in order to afford counsel the

22  maximum amount of preparation time prior to the trial date, yet failed to do so.

23  Thus, under the circumstances, the Court finds that Plaintiff failed to make a

24  reasonably diligent effort to obtain counsel.

25  Finally, with respect to the third factor, the Court notes that while Plaintiff's

26  claims may have merit this does not outweigh the findings on the previous two

27  factors.

28  In any event, it appears that Plaintiff has a sufficient grasp of his case, the legal

issues involved, and is able to adequately articulate the basis of his claims.  Plaintiff has represented himself throughout the duration of the case, and is capable of doing so in a non-complex, one-issue trial.  The Court finds that the circumstances here do not warrant appointing counsel to represent Plaintiff.  Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED**.

DATED: March 19, 2013

Hon. Michael M. Anello
United States District Judge

10CV1003